IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIRCRAFT OWNERS AND　　　　）
PILOTS ASSOCIATION,　　　　　）
　　　　　　　　　　　　　　　　）
　　　　　Plaintiff,　　　　　　　　）
　　　　　　　　　　　　　　　　）　　MAGISTRATE JUDGE KOMIVES
　　　　v.　　　　　　　　　　　　）　　Case No. _____
　　　　　　　　　　　　　　　　）
JENNIFER M. GRANHOLM,　　　）
ATTORNEY GENERAL OF　　　　）
THE STATE OF MICHIGAN　　　）
　　　　　　　　　　　　　　　　）
　　　　　Defendant.　　　　　　　）

(Stamped: 1:02 CV 0915 02-73191; Robert Holmes Bell, Chief, U.S. District Judge; DENISE PAGE HOOD)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The above-named Plaintiff, through its counsel, brings this civil action for declaratory and injunctive relief against the above-named defendant and alleges as follows:

### NATURE OF THE CASE

1.  This action for declaratory and injunctive relief challenges the recently enacted amendments to Michigan law (MCL § 259.85) mandating that flight schools require background checks of all flight training applicants seeking training for a pilot certificate and seeking pilot proficiency and currency training prior to enrollment, or prior to continuation of enrollment. These newly enacted provisions within MCL § 259.85 constitute a violation of the Supremacy Clause of the United States Constitution, Article IV, clause 2, as it legislates in a field (i.e., aviation security) that is completely preempted by federal law. In the alternative, § 259.85 must give way under the Supremacy Clause of the United States Constitution, Article VI, clause 2, because it stands as an obstacle to and conflicts with the goals of Congress to achieve, among other things, the national uniform regulation of aviation security, subject to federal government control and oversight.

2. Plaintiff is a not-for-profit incorporated association whose interests include, but are not limited to, the preservation and promotion of general aviation. Its members are individual pilots and aircraft owners who are primarily members of the general aviation community and who would be seeking flight training to achieve pilot certification or proficiency.

3. A number of Plaintiff's members have suffered and will continue to suffer fiscal harm as a result of the enactment of and compliance with the amendments to § 259.85, and many are in imminent danger of suffering harm as a result of non-compliance with § 259.85.

4. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, that the amendments to MCL § 259.85, as they relate to background checks, is preempted by federal law.

5. Plaintiff further seeks a preliminary injunction and permanent injunction, directing Defendant to give MCL § 259,85, as it relates to background checks, no further force or effect.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States. The field that the amendments to MCL § 259.85 address is completely preempted by federal law. This Court has authority to grant the requested injunctive and declaratory relief under 28 U.S.C. § 2201.

7. Venue is proper in this district under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this claim occurred and/or will continue to occur in the district.

## PARTIES AND RELATED PERSONS

8. Plaintiff Aircraft Owners and Pilots Association (AOPA) is a not-for-profit association incorporated under the laws of the state of New Jersey. AOPA maintains its principal place of business at 421 Aviation Way, Frederick, Maryland 21701. Plaintiff represents over 385,000 individuals of every state, including Michigan, who are

members of the general aviation community. General aviation is the largest segment of the aviation industry, accounting for more than 76% of the nation's flights. More than two-thirds of the nation's FAA-licensed pilots are AOPA members, consisting of private, commercial and airline-transport pilots, private student pilots, proprietors of aviation-related businesses commonly referred to as Fixed Base Operators (FBO), including proprietors of flight schools and individual flight instructors. AOPA is organized for the benefit of all persons whose interests relate to the preservation and promotion of all aspects of general aviation, including reasonable and appropriate access to flight training. As part of AOPA's services to its members, it participates in lawsuits to halt or forestall actions, particularly in state regulatory areas, that are illegal and harmful to AOPA members and their clients.

9. AOPA members include flight school proprietors and individual flight instructors who operate principally out of airports within Michigan and are currently complying with the new background check regulations. Upon information and belief, one or more such members' businesses have already suffered a dramatic decline in new training applicants as a direct result of individuals' refusal or failure to submit to an invasive and costly criminal background check. Accordingly, one or more AOPA members has and will continue to suffer an injury in fact as a direct result of the background check regulations under MCL 259.85. This decline is expected to continue until and unless the state's background check requirements are declared unconstitutional as preempted by Federal law and regulation and an injunction precluding enforcement is issued.

10. Additionally, one or more AOPA members who would otherwise obtain flight school training are either choosing now to forego such training or alternatively, they are obtaining such training outside Michigan to avoid the need to submit to the background checks required under the amendments to MCL 259.85.

11. The AOPA members who have and will continue to sustain injury in fact as above described, have standing to sue in their own right.

12. Neither the claims asserted relative to the above described injuries in fact nor the relief requested to redress such harm requires the participation of individual AOPA members in the lawsuit.

13. The above described interests of AOPA members at stake in this Declaratory Judgment/Injunctive relief action are directly related to the AOPA's purpose set forth above.

14. Defendant Jennifer M. Granholm is sued in her official capacity as Attorney General of the State of Michigan. In that capacity, she is charged with the implementation and enforcement of the laws of the State of Michigan.

## FACTS

15. On May 1, 2002, Governor John Engler signed the amendments to MCL § 259.85 into law. The law went into effect on May 22, 2002. The law requires that flight schools and flight instructors submit an application for each flight training applicant to the state police for a criminal history check and a criminal records check from the FBI. If the applicant was convicted of a violent or other felony in the previous seven years, the flight school is obligated to either not enroll or cease training the applicant. Compliance with these new provisions is a condition to obtaining a state license and noncompliance is grounds for revocation of a license. And, "[a] person who violates this section is guilty of a misdemeanor punishable by imprisonment for not more than 90 days, or a fine of not less than $100.00 or more than $500.00, or both, together with costs of the prosecution." MCL § 259.85(26).

16. A state may enact legislation under its police power for the general health, safety, and welfare of its citizens. That exercise of power must not be arbitrary or capricious, but be based on reason and reasonably related to a legitimate government interest. A state's exercise of its police power is limited, however, by those constraints that govern all governmental actions, including the Supremacy Clause of the United States Constitution, Art. VI, clause 2.

17. The United States Congress, the Federal Aviation Administration, (FAA), and the newly created Federal Transportation Security Administration, (TSA), have

acted to completely preempt the field of aviation security, including flight school security:

 a. Congress vested sole power and responsibility over aviation safety and security in the FAA. 49 U.S.C. § 106(g). The FAA promulgated rules accordingly, completely preempting state action as applied to aviation security.

 b. In November 2001, Congress legislated a transfer of responsibility for aviation security from the FAA to a specialized agency, the TSA, with the passage of the Aviation and Transportation Security Act of 2001 (ATSA). Pub. L. No 107-71, 115 Stat. 604 (codified in scattered sections of 49 U.S.C.).

 c. In the ATSA, Congress mandated that persons providing flight training in aircraft greater than 12,500 pounds must notify the Attorney General of the identification of any person seeking such training and must either deny flight training or cease flight training if the Attorney General has determined that the person presents a risk to aviation or national security. 49 U.S.C. section 44939. In enacting this part of the legislation, Congress opted to except general aviation training from this requirement, and only included that segment in the requirement that flight schools conduct a security awareness program for employees to increase awareness of suspicious circumstance and activities on persons seeking flight training.

 d. Prior to the official transfer of responsibilities, FAA retained responsibility for aviation security. While the FAA moved to implement the requirements mandated by Section 113 of the ATSA (49 U.S.C. § 44939) by issuing Notice 8700.11, it opted to issue a second Notice merely recommending voluntary precautions that general aviation flight schools may take to enhance to security, rather than promulgate mandatory regulations such as those relative to aircraft greater than 12,500 pounds. Notice 8700.12. Thus, the FAA specifically considered and then declined to make any security requirements for general aviation flight schools mandatory.

    e. Congress' stated purpose behind ATSA is for the creation of a single, uniform system of regulation for the safety and security of aviation to be maintained by the Federal government. 147 Cong. Rec. 8300-8314 (2001).

    f. Pursuant to the exclusive authority granted it by Congress ("The Under Secretary shall be responsible for security in *all* modes of transportation[.]" (emphasis added) 49 U.S.C. § 114(d)), TSA promulgated and continues to promulgate regulations in the exercise of these grants of power and responsibility. 49 C.F.R. Parts 1500 et seq.

  18. Alternatively, to allow Michigan to enforce the amendments to MCL § 259.85 would be contrary to Congress' stated purpose of creating a single, uniform security program for the entire United States and under Federal control. Allowing Defendant to enforce the amendments to § 259.85 will create a slippery slope, encouraging additional states to create their own aviation security regulations and allowing each state to enforce its own security program.

  19. Plaintiff's members have no adequate remedy at law.

## CLAIMS

  20. The amendments to Section 259.85 of the Michigan Compiled Laws as they relate to regulating the flight training of pilots constitute an invalid exercise of Michigan's police power as it is an attempt to legislate in the field of aviation security. The field of aviation security is completely occupied by the federal government based on the pervasive scheme of legislation by Congress and regulation by the FAA and TSA. Thus, the amendments to MCL § 285.59 is preempted by federal law.

  21. In the alternative, the amendments to MCL § 259.85 are preempted by federal law based on a conflict between the state law and the objectives of the federal statute. That is, the state's legislation regulating aviation security is inconsistent with the Congressionally stated goal of uniformity in aviation security regulation and Federal control over that uniform, national system.

  22. Plaintiff and its members are directly interested and aggrieved parties entitled to relief and to challenge the amendments to MCL § 259.85. An actual

controversy exists between Plaintiff's members and Defendant, and Plaintiff and its members have no adequate remedy at law.

## PRAYER FOR RELIEF

23. WHEREFORE, Plaintiff respectfully requests a judgment:

　　a.　Declaring that all background check and related provisions contained in MCL § 259.85 are preempted by federal law under the Supremacy Clause of the United States Constitution, Art. VI, clause 2; and

　　b.　Preliminarily and permanently enjoining the Defendant and her successors, agents, employees, representatives and others acting in concert with her, from in any way enforcing any background checks and related provisions under MCL § 259.85, and to give it no force and effect.

　　c.　Awarding Plaintiff its costs, disbursements, and attorneys fees incurred herein; and

　　d.　Granting such other and further relief as the Court deems just and proper.

　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　JAFFE, RAITT, HEUER & WEISS, P.C.

　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　Scott R. Torpey (P-36179)
　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　Suite 2400, One Woodward Avenue
　　　　　　　　　　　　　　　Detroit, MI 48226
　　　　　　　　　　　　　　　(313) 961-8380

Of Counsel:

KATHLEEN A. YODICE
LAW OFFICES OF YODICE ASSOCIATES
601 Pennsylvania Avenue, N.W.
Suite 875, South Building
Washington, D.C. 20004
(202) 737-3030
(202) 737-7450 (facsimile)
Dated: August 2, 2002　　　　　　　　　　　　　　　　　　　　　　　0873518.01